UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. FALLER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:10-CV-1048 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court upon the motion of William A. Faller to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The United States has filed a response, and the issues are fully briefed.

I.  **Background**

A grand jury indictment charged Faller and Brandi Hutchings with possessing pseudoephedrine, knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). After entering into a plea agreement with the government, Faller entered a plea of guilty.

In the written plea agreement, Faller admitted that he was responsible for 24.62 grams of methamphetamine and 10.56 grams of pseudoephedrine that were found on his person and at the residence he shared with Hutchings.   He also admitted that, based on the total drug quantity (calculated under the relevant sentencing guidelines), his base offense level was 26.  Faller and the government agreed that his offense level should be reduced by three levels for acceptance of responsibility, resulting in a total offense level of 23.  Additionally, Faller acknowledged in the written plea agreement that he understood the statutory penalties for the offense, which  included a maximum sentence of 20 years in prison.

At the change of plea hearing, Faller stated under oath that he had read the plea agreement, reviewed it with his lawyer, and understood it. He further stated that no promises (other than those in the written plea agreement) had been made to him and, specifically, that no one had promised that he would receive a particular sentence. In response to questioning by the Court, Faller stated that he had not been threatened or coerced into pleading guilty. The Court reviewed the terms of the plea agreement with Faller, and informed him of the penalties he faced. Faller stated he understood the consequences of pleading guilty and that he was pleading guilty voluntarily.

In the plea agreement, the government agreed to file a motion for downward departure under U.S.S.G. § 5K1.1, if Faller provided substantial assistance. Faller stated under oath that he understood there was no guarantee that the downward departure motion would be filed, and that it was up to the government to decide whether he had provided substantial assistance.

At sentencing, the Court determined that the guideline range for imprisonment was 51-63 months. Faller's attorney argued for a sentence below the guideline range, citing Faller's assistance to the government and his battle with drug addiction. The attorney for the government responded that Faller had not provided assistance that was deemed substantial and that she "could not have made such a motion [based on U.S.S.G. § 5K1.1] in good faith because the information he [Faller] provided did not lead to arrests of other individuals." *Sentencing Transcript,* pp. 6-7. The Court denied Faller's request for a below-guidelines sentence and sentenced him to a 51-month term of imprisonment.

Faller did not appeal the judgment.

## II.  Discussion

Faller asserts two grounds for relief in his motion to vacate: (1) ineffective assistance of counsel and (2) prosecutorial misconduct.  For the reasons discussed below, the Court finds that neither ground has merit.

### Ineffective Assistance of Counsel

Faller's ineffective assistance claim is based on the allegation that his attorney told him he would receive a sentence of probation or at least a sentence below 51 months if he pled guilty and accepted responsibility for the drugs that were in his co-defendant's possession.  Faller states that he would not have entered into the plea agreement if he had known that he would not receive the sentence that was promised to him.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive. A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Faller's claim that his guilty plea was induced by his attorney's false promises is belied by the record.   In the plea agreement, Faller admitted to facts establishing *his* possession of methamphetamine and pseudoephedrine, as well as paraphernalia used in manufacturing methamphetamine, all of which was found on *his* person and on

-3-

*his* property.  As discussed above, Faller was questioned at about his understanding of the plea agreement and he stated that he had read and discussed it with his counsel. Also, Faller confirmed that he had not been promised a specific sentence and that his plea was not coerced.  Faller's "[s]olemn declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).  Faller has not shown that his attorney's conduct fell below an objective standard of reasonableness.

### Prosecutorial Misconduct

In support of his claim of prosecutorial misconduct, Faller first asserts that the drug quantity assigned to him was excessive.  He appears to argue that a portion of the drugs belonged to Hutchings.  Again, the facts show otherwise.  All of the methamphetamine and pseudoephedrine assessed against Faller was found either on his person or on the property where he lived.  Although additional drug items were found in an off-site storage locker, the parties agreed that Faller "[was] not responsible for the contraband seized from that location."  *Plea Agreement*, p. 11.

The second basis for Faller's prosecutorial misconduct claim appears to be that the government reneged on a promise to file a downward departure motion.  At the change of plea hearing, Faller acknowledged that the government alone would decide whether his assistance was substantial and there was no guarantee that a downward departure motion would be filed.  Additionally, the plea agreement Faller read and understood clearly stated that "mere assistance is not enough to warrant a downward departure motion and . . . such a motion is warranted only for substantial assistance." *Plea Agreement*, p. 8.  Although Faller provided information to the government, it did not rise to the level of substantial assistance.  Faller has not established prosecutorial misconduct.

III. <u>Conclusion</u>

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Faller is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in his motion.  Therefore, the motion will be denied without a hearing.  <u>See</u> <u>Engelen v. United States</u>, 68 F.3d  238, 240 (8th Cir. 1995).  Additionally, the Court finds that Faller has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2013.